UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPTAIN SKRIP'S OFFICE LLC,
individually and on behalf of all others
similarly situated,

        Plaintiff,                    Civil Case No. 20-11291
                                                Honorable Linda V. Parker

v.

CONIFER HOLDINGS, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 13)

In this putative class action lawsuit, Plaintiff challenges Defendant's denial of insurance coverage for business losses resulting from governmental orders closing or limiting the operation of non-essential businesses in an effort to stop the spread of the 2019 novel coronavirus ("COVID-19"). Plaintiff claims that Defendant is liable for, and has wrongfully declined coverage for, these losses under an "all-risk" insurance policy. In a First Amended Class Action Complaint filed September 8, 2020, Plaintiff alleges breach of contract (Count I) and breach of duty of good faith and fair dealing (Count II), and seeks a declaratory judgment that the policy provides coverage for the losses claimed (Count III). (ECF No. 12.)

The matter is presently before the Court on Defendant's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The motion has been fully briefed (ECF Nos. 16, 17), and the parties have filed supplemental authority (ECF Nos. 19, 20). Finding the facts and legal arguments sufficiently presented in the parties' submissions, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting Defendant's motion.

## I. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The all-risk insurance policy issued by Defendant to Plaintiff is attached to Defendant's motion to dismiss (ECF No. 14-2), "referred to [throughout] the complaint," and "central to [plaintiff's] claims," *Bassett*, 528 F.3d at 430.

## II. Factual Background

Plaintiff operated as a family-owned restaurant in Port Huron, Michigan. (Am. Compl. ¶ 2, ECF No. 12 at Pg ID 279-80.) At some point prior to March 2020, Plaintiff purchased an "all-risk" insurance policy ("Policy") from Defendant to protect the business from "unforeseen events that could affects its operations and profits[.]" (*Id.* ¶¶ 3, 12, Pg ID 280, 282.) Plaintiff regularly paid monthly

3

premiums to Defendant to maintain the Policy. (*Id.* ¶ 12, Pg ID 282.) Plaintiff renewed the policy for a one-year term beginning December 28, 2019. (*Id.*; ECF No. 14-2 at Pg ID 342.)

In late March 2020, the State of Michigan took various measures to respond to the COVID-19 pandemic. (*See, e.g., id.* ¶¶ 22-24, 26-30, Pg ID 284-85.) On March 23, 2020, Governor Gretchen Whitmer issued Executive Order 2020-21, directing all businesses and operations to temporarily suspend in-person services unless necessary to sustain or protect life. (*Id.* ¶ 30, Pg ID 285; *see also* Def. Mot. Ex. C, ECF No. 14-4 at Pg ID 505-12). Governor Whitmer explained in Executive Order 2020-21:

> To suppress the spread of COVID-19, to prevent the state's health care system from being overwhelmed, to allow time for the production of critical test kids, ventilators, and personal protective equipment, and to avoid needless deaths, it is reasonable and necessary to direct residents to remain at home or in their place of residence to the maximum extent feasible.

(Exec. Order 2020-21 at 1, ECF No. 14-4 at Pg ID 505.) Such "stay-at-home orders" remained in place until at least September 8, 2020, when Plaintiff filed its First Amended Complaint. (Am. Compl. ¶ 30, ECF No. 12 at Pg ID 285.)

"Due to the statewide restrictions on movement and operation of non-essential businesses, Plaintiff suffered significant loss of business income, as patrons were initially urged to avoid and, ultimately, prohibited to dine in its

4

restaurant." (*Id.* ¶ 32, Pg ID 285.) By mid-March 2020, Plaintiff was forced to suspend business operations at the restaurant. (*Id.*)

Having sustained significant financial loss due to the closure, Plaintiff sought relief via the Policy by filing a claim with Defendant. (*Id.* ¶ 3, Pg ID 280.) Defendant denied the claim. (*Id.* ¶ 34, Pg ID 285-86.) Defendant relied on an endorsement to the Policy entitled, "Exclusion of Loss Due to Virus or Bacteria," which stated in part: "We will not pay for loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease." (*Id.*; *see also* ECF No. 14-2 at Pg ID 375.) Defendant also asserted that Plaintiff's loss of business income was not covered because it was not a "direct physical loss or damage" to the business property. (Am. Compl. ¶ 34, ECF No. 12 at Pg ID 286; *see also* ECF No. 14-2 at Pg ID 355.)

Plaintiff insists that its losses were caused by the entry of "civil authority" orders, not COVID-19. (Am. Compl. ¶ 37, ECF No. 12 at Pg ID 287.) In fact, Plaintiff makes clear that its "closure was not the result of any report by Plaintiff of virus infection in its restaurant, but by mandate of the state governor's stay-at-home order." (*Id.* ¶ 35, Pg ID 286.) Further, according to Plaintiff, "the virus exclusion was first permitted by state insurance departments due to misleading and fraudulent statements by the ISO [Insurance Service Office] that property

5

insurance policies do not and were not intended to cover losses caused by viruses." (*Id.* ¶ 38, Pg ID 287.)

## III. Applicable Law & Analysis

Michigan law governs this diversity action brought pursuant to 28 U.S.C. § 1132. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). The Michigan Supreme Court has provided the following summary with respect to the interpretation of an insurance contract:

> An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties. *Eghotz v. Creech*, 365 Mich. 527, 530, 113 N.W.2d 815 (1962). Accordingly, the court must look at the contract as a whole and give meaning to all terms. *Fresard v. Michigan Millers Mut. Ins. Co.*, 414 Mich. 686, 694, 327 N.W.2d 286 (1982). Further, "[a]ny clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska v. Farm Bureau Mut. Ins. Co. of Michigan*, 412 Mich. 355, 361-362, 314 N.W.2d 440 (1982). This Court cannot create ambiguity where none exists. *Edgar's Warehouse, Inc. v. United States Fidelity & Guaranty Co.*, 375 Mich. 598, 602, 134 N.W.2d 746 (1965).
>
> Exclusionary clauses in insurance policies are strictly construed in favor of the insured. *Shelby Mut. Ins. Co. v. United States Fire Ins. Co.*, 12 Mich. App. 145, 149, 162 N.W.2d 676 (1968). However, coverage under a policy is lost if any exclusion within the policy applies to an insured's particular claims. *Fresard, supra*, 414 Mich. at 695, 327 N.W.2d 286. Clear and specific exclusions must be given effect. It is impossible to hold an insurance company liable for a risk it did not assume. *Kaczmarck v. La Perriere*, 337 Mich. 500, 506, 60 N.W.2d 327 (1953).

6

*Auto Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 433-34 (Mich. 1992). "Michigan courts engage in a two-step analysis when determining coverage under an insurance policy: (1) whether the general insuring agreements cover the loss and, if so (2) whether an exclusion negates coverage." *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 821 (6th Cir. 2018) (citing *Auto-Owners Ins. Co. v. Harrington*, 565 N.W.2d 839, 841 (Mich. 1997)).

The insured bears the burden of establishing that its claim falls within the terms of the policy. *Hunt v. Drielick*, 852 N.W.2d 562, 565 (Mich. 2014) (citing *Heniser v. Frankenmuth Mut. Ins. Co.*, 534 N.W.2d 502, 510 (Mich. 1995)). The insurer, on the other hand, "'bear[s] the burden of proving an absence of coverage.'" *Id.* (quoting *Fresard*, 327 N.W.2d at 289).

The parties dispute whether Plaintiff is entitled to coverage under the terms of the Policy, specifically, whether Plaintiff has suffered a covered loss. Even if Plaintiff's losses constitute "direct physical loss of or damage to Covered Property" (*see* ECF No. 14-2 at Pg ID 355), Defendant maintains that the virus exclusion applies. Because this Court agrees, it focuses there. *See Dye Salon, LLC v. Chubb Indem. Ins. Co.*, -- F. Supp. 3d --, 2021 WL 493288, at *5 & n.6 (E.D. Mich. Feb. 10, 2021) ("Where, as here, a policy exclusion plainly precludes coverage, it is appropriate for a court to bypass the question of whether an

insured's losses fall within a coverage provision of the policy and to proceed directly to the exclusion.") (citing cases).

As quoted earlier, the Policy's "Exclusion of Loss Due to Virus or Bacteria" provision reads, in part: "We will not pay for loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease." (ECF No. 14-2 at Pg ID 375.) This language is unambiguous. Nevertheless, Plaintiff asserts that the exclusion is not applicable because its losses resulted from Governor Whitmer's stay-at-home orders, not COVID-19. However, those orders were issued "[t]o suppress the spread of COVID-19[.]" (*See* ECF No. 14-4 at Pg ID 505.) But for COVID-19, the order would not have been issued. "The virus was thus an essential link in the chain of causation leading to [Plaintiff]'s losses. And the virus was not a remote link somewhere far down in the chain of causation. Instead, it was the direct and sole cause of the Executive Order that required [Plaintiff] to close its doors and suffer losses." *Dye Salon*, --F. Supp. 3d at --, 2021 WL 493288, at *5. The Policy's "Causes of Loss – Special Form" provides that Defendant "will not pay for loss or damage caused *directly or indirectly* by any [exclusions]. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." (ECF No. 14-2 at Pg ID 419 (emphasis added).)

8

Numerous courts have considered similar virus exclusions in lawsuits brought by insureds claiming losses due to the forced closure of their businesses by government orders issued in response to COVID-19. Almost universally, the courts have held that the exclusions precluded coverage. *See, e.g., Dye*, -- F. Supp. 3d at --, 2021 WL 493288, at *5-6 (citing cases); *Stanford Dental PLLC v. Hanover Ins. Grp., Inc.*, --F. Supp. 3d --, 2021 WL 493322, at *5-6 (E.D. Mich. Feb. 10, 2021); *Turek Enterprises, Inc. v. State Farm Mut. Auto. Ins. Co.*, 484 F. Supp. 3d 492, 503-04 (E.D. Mich. 2020); *Boxed Foods Co. v. Calif. Capital Ins. Co.*, 497 F. Supp. 3d 516, 523-25 (N.D. Cal. 2020); *1210 McGavock Street Hospitality Partners, LLC v. Admiral Indemnity Co.*, -- F. Supp. 3d --, 2020 WL 7641184, at *5 (M.D. Tenn. Dec. 23, 2020); *Goodwill Indus. of Central Okla., Inc. v. Philadelphia Indemnity Ins. Co.*, --F. Supp. 3d --, 2020 WL 8004271, at *5 (W.D. Okla. Nov. 9, 2020); *GRO Holdco, LLC v. Hartford Fire Ins. Co.*, No. 1:20-cv-1093, 2021 WL 1827076, at *3 (W.D. Mich. May 7, 2021); *see also* John K. DiMugno, Steven Pitt & Dennis J. Wall, *Cat Claims: Ins. Coverage for Nat. & Man-Made Disasters Appx. 8A* (2020) (collecting cases). The three decisions cited by Plaintiff do not persuade this Court to reach a different conclusion.

In *Urogynecology Specialist of Florida, LLC v. Sentinel Insurance Co., Ltd.*, 489 F. Supp. 3d 1297 (M.D. Fla. 2020), the court denying the defendant's motion to dismiss, holding that the plaintiff, a business forced to cease operations due the

State of Florida's COVID-19 closure orders, sufficiently stated a plausible claim that it incurred "losses which *may be covered* under the insurance contract." *Id.* at 1303 (emphasis added). However, the court's analysis was hindered by the plaintiff's failure to attach the entire insurance policy to the complaint. *Id*. at 1302. Without the policy, the court declined to "make a decision on the merits of the plain language of the [insurance policy] to determine whether [the plaintiff's] losses were covered." *Id*. Absent any discussion of the available coverage under the policy, this Court finds the decision unpersuasive—as has every other court where insureds have relied on it to argue that a policy's virus exclusion does not apply.[1] *See, e.g., Mena Catering, Inc. v. Scottsdale Ins. Co.*, -- F. Supp. 3d –, 2021 WL 86777, at *9 n.4 (S.D. Fla. Jan. 11, 2021); *Edison Kennedy, LLC v. Scottsdale Ins. Co.*, -- F. Supp. 3d --, 2021 WL 22314, at *8 n.12 (M.D. Fla. Jan. 4, 2021); *Founder Instit. Inc. v. Hartford Fire Ins. Co.*, 497 F. Supp. 3d 678, 679 (N.D. Cal. 2020); *Lisette Enter., Ltd. v. Regent Ins. Co.*, -- F. Supp. 3d --, 2021 WL 1804618, at *6 n.5 (S.D. Iowa May 6, 2021)

       Plaintiff cites two additional unpublished state court decisions to argue that the virus exclusion should be found inapplicable: Order, *Ridley Park Fitness, LLC*

---

[1] The District Court for the Middle District of Florida also found it unclear whether "the plain language of the policy unambiguously and necessarily excludes [the p]laintiff's losses." *Urogynecology Specialist*, 489 F. Supp. 3d at 1302. This Court does not find such an ambiguity.

10

*v. Philadelphia Indemnity Insurance Co.*, No. 01093 (Pa. Commw. Ct. Aug. 31, 2020), and Tr., *Optical Servs. USA/JC1 v. Franklin Mut. Ins. Co.*, No. BER-L-3681-20 (N.J. Super. Ct. Aug. 13, 2020).[2] No reason was provided for denying the motion to dismiss in *Ridley Park Fitness*. And there is no suggestion in the oral argument or oral decision in *Optical Services* that the policy contained a virus exclusion at all. For these reasons, the Court also finds these decisions unpersuasive and concludes that the virus exclusion applies.

Plaintiff seeks to avoid this conclusion, arguing that Defendant should be estopped from relying on the virus exclusion because the Insurance Service Office told insurance regulators that the provision was solely to clarify coverage and not reduce it. (Pl. Resp. Br. at 22-23 (citing *Sunbeam Corp. v. Liberty Mut. Ins. Co.*, 781 A.2d 1189, 1193 (Pa. 2001).) "Th[is] regulatory estoppel argument has been rejected by virtually every other state and federal court to address the issue." *SnyderGeneral Corp. v. Great Am. Ins. Co.*, 928 F. Supp. 674, 682 (N.D. Tex. 1996) (collecting cases), aff'd sub nom. *SnyderGeneral Corp. v. Cont'l Ins. Co.*, 133 F.3d 373 (5th Cir. 1998); *see also Franklin EWC, Inc. v. Hartford Fin. Servs., Grp., Inc.*, -- F. Supp. 3d --, 2020 WL 7342687, at *3 (N.D. Cal. Dec. 14, 2020) (rejecting the plaintiffs' regulatory estoppel argument and citing cases similarly

---

[2] These decisions are attached as Exhibits 3 and 4 to Plaintiff's response brief. (*See* ECF Nos. 16-3, 16-4.)

rejecting the doctrine). Plaintiff does not cite any authority to establish that Michigan has adopted this doctrine. It is well-established under Michigan law, on the other hand, that extrinsic evidence may not be offered to modify the terms of an unambiguous contract. *City of Grosse Pointe Park v. Mich. Mun. Liab. & Pool*, 702 N.W.2d 106, 113-14 (Mich. 2005) (citations omitted); *see also Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 373 (6th Cir. 1995) (declining to consider the defendant's estoppel argument, which looked to the meaning of the clause represented to state regulators, "[b]ecause we have concluded that the language of the policy is unambiguous"); *Commercial Union Ins. Co. v. Cannelton Indus., Inc.*, 938 F. Supp. 458, 461 (W.D. Mich. 1996) (same).

Because the Policy's virus exclusion provision precludes coverage for the losses Plaintiff incurred due to the Governor's executive orders, Defendant is entitled to judgment in its favor as a matter of law on Plaintiff's breach of contract claim and claim for declaratory relief. "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing[,]" *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (citing *Belle Isle Corp. v. Detroit*, 666 N.W.2d 271 (Mich. Ct. App. 2003)); therefore, Defendant is entitled to judgment in its favor on this claim as well.

Accordingly,

rejecting the doctrine). Plaintiff does not cite any authority to establish that Michigan has adopted this doctrine. It is well-established under Michigan law, on the other hand, that extrinsic evidence may not be offered to modify the terms of an unambiguous contract. *City of Grosse Pointe Park v. Mich. Mun. Liab. & Pool*, 702 N.W.2d 106, 113-14 (Mich. 2005) (citations omitted); *see also Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 373 (6th Cir. 1995) (declining to consider the defendant's estoppel argument, which looked to the meaning of the clause represented to state regulators, "[b]ecause we have concluded that the language of the policy is unambiguous"); *Commercial Union Ins. Co. v. Cannelton Indus., Inc.*, 938 F. Supp. 458, 461 (W.D. Mich. 1996) (same).

Because the Policy's virus exclusion provision precludes coverage for the losses Plaintiff incurred due to the Governor's executive orders, Defendant is entitled to judgment in its favor as a matter of law on Plaintiff's breach of contract claim and claim for declaratory relief. "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing[,]" *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (citing *Belle Isle Corp. v. Detroit*, 666 N.W.2d 271 (Mich. Ct. App. 2003)); therefore, Defendant is entitled to judgment in its favor on this claim as well.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 13) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 28, 2021